```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                         05-CV-2611(JMR/RLE)


Thomas Zosel, Trustee for the    )
Heirs and Next of Kin of         )
Melissa Hasbargen                )
                                 )
           v.                    )        ORDER
                                 )
Minn-Dak Farmers' Cooperative,   )
Inc.                             )
```

Plaintiff, Thomas Zosel, is trustee for the heirs and next of kin of decedent, Melissa Hasbargen, who died in an accident near defendant's facility.  Defendant moves for summary judgment.  For the following reasons, defendant's motion is granted.

I.  Background[1]

Defendant is a sugar beet growing/processing cooperative. Farmers deliver their sugar beets to one or another of its facilities, known as "pilers," for processing.  During the harvest season, these sites are subject to considerable traffic from trucks loading and unloading sugar beets.  Defendant closely regulates this truck traffic, including directing where and when beets are to be delivered in order to maintain productivity and profitability.

On October 15, 2002, an accident occurred on a county road near one of defendant's piler facilities.  Two trucks collided, killing both drivers and passenger Melissa Hasbargen.  At the time

---

[1] As this is a motion considered pursuant to Rule 56 of the Federal Rules of Civil Procedure, the facts are either undisputed or are viewed in the light most favorable to plaintiff.

of the accident, visibility on the road was poor due to the presence of dust in the air. The shoulder of the road was soft, prompting the heavy trucks to keep toward the road's center line. For purposes of this motion, the Court assumes both the dust in the air and the road shoulder conditions were caused by the traffic into and out of defendant's piler facility.

Prior to the accident, defendant paid Traverse County to apply calcium chloride to portions of the road near the piler to reduce the road dust. The accident occurred more than a mile away from the piler, on a length of road where calcium chloride had not been applied.

Plaintiff commenced this action in the Traverse County District Court on October 11, 2005. Defendant timely removed it to this Court, which has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[2]

## II. Analysis

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no

---

[2] For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is incorporated under North Dakota law, see N.D. Cent. Code § 10-15, and maintains its principal place of business in North Dakota. As such, it is a citizen of North Dakota, and diversity is complete. Jurisdiction under 28 U.S.C. § 1332 is appropriate. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181-82 (9th Cir. 2004); Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986) ("[t]o paraphrase Gertrude Stein, for purposes of diversity jurisdiction a corporation is a corporation is a corporation.")

genuine issue of material fact.  Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 246 (1986).  Summary judgment is proper if the plaintiff fails to establish any element of his prima facie case. <u>Gylten v. Swalboski</u>, 246 F.3d 1139, 1141 (8th Cir. 2001).

Because this case is before this Court as a diversity action, the Court applies Minnesota's substantive law.  <u>Id.</u>  Thereunder, a plaintiff seeking to establish defendant's negligence must prove (1) that defendant has a legal duty to the plaintiff to take some action; (2) there was a breach of the duty; (3) the breach of the duty was the proximate cause of the harm to the plaintiff; and (4) damage.  <u>Gilbertson v. Leininger</u>, 599 N.W.2d 127, 130 (Minn. 1999).  This case turns on existence of a legal duty.  Whether or not such a duty is owed is reserved to the Court as a question of law.  If there is no duty, plaintiff's claim must fail.  <u>Id.</u>

This accident occurred on a Traverse County public highway. Under Minnesota law, the County bears a non-delegable duty to maintain its roads.  <u>Westby v. Itasca County</u>, 290 N.W.2d 437, 438 (Minn. 1980).  Defendant did not own the road and has no legal duty to maintain it.  All parties recognize that defendant contributed to the cost of applying calcium chloride to portions of the road. Nonetheless, the Court finds no support in Minnesota law for the proposition that a voluntary contribution to Traverse County for road dust abatement is equivalent to defendant's acceptance of a

duty to maintain the road. Accordingly, if defendant bears any duty to passengers traveling along this County road, the source of the duty must lie elsewhere.

Generally, a person has no duty to act for the protection of another even if he realizes, or should realize, that action on his part is necessary. Donaldson v. Young Women's Christian Assn. of Duluth, 539 N.W.2d 789, 792 (Minn. 1995). Minnesota recognizes, however, that a legal duty requiring one person to protect another can arise when a special relationship exists between them. Id.

A special relationship is usually found only on the part of "common carriers, innkeepers, possessors of land who hold it open to the public, and persons who have custody of another person under circumstances in which that other person is deprived of normal opportunities of self-protection." Id., citing Restatement (Second) of Torts § 314A (1965). In such cases, "the plaintiff is in some respect particularly vulnerable and dependent on the defendant, who in turn holds considerable power over the plaintiff's welfare." Donaldson, id. In other words, this special duty exists when the harm to plaintiff is one that the defendant is in a position to protect against, and should be expected to protect against. Id.

The Minnesota Supreme Court has been reluctant to extend the special relationship beyond its traditional bounds, recognizing that "[u]ltimately, the question is one of policy." Erickson v.

4

Curtis Inv. Co., 447 N.W.2d 165, 169 (Minn. 1989). By way of example, the Court has declined to find a special relationship between social hosts and their guests, see Gilbertson, 599 N.W.2d at 132, even where the host has superior knowledge of a dangerous condition. Harper v. Herman, 499 N.W.2d 472, 475 (Minn. 1993) (no special relationship between boat owner and passenger). On the other hand, the Court has extended the doctrine to impose a duty upon a commercial parking ramp to protect its customers, and upon a jail to protect its inmates, from the criminal acts of third parties. Erickson, 447 N.W.2d at 169-70; Cooney v. Hooks, 535 N.W.2d 609, 611 (Minn. 1995).

It is at this point that plaintiff's case fails. Plaintiff cannot show the existence of a special relationship between defendant and Ms. Hasbargen. Defendant is not a common carrier;[3] it offers no services to the general public for a fee. The accident occurred on a public road, not on defendant's property.[4]

---

[3] The harvest trucks are not "common carriers." A common carrier is a "commercial enterprise that holds itself out to the public as offering to transport freight or passengers for a fee." Black's Law Dictionary 226 (8th Ed., Bryan A. Garner, ed., 2004) A common carrier is bound by law to accept business from the general public. Id. A common carrier has a special relationship with its passengers which obliges it to protect them from foreseeable harm. See Watkins v. Greyhound Bus Lines, Inc., 2004 WL 2049977, *3 (Minn. Ct. App. 2004) (unpublished); see also Restatement (Second) of Torts § 314A.

[4] For this reason, plaintiff's reliance on Thill v. Modern Erecting Co., 136 N.W.2d 677, 683-84 (Minn. 1965) is misplaced. There, a general contractor's duty to an injured third party arose – not out of a special relationship between them, but out of the

5

Ms. Hasbargen was not in a position of dependence upon defendant, nor had defendant deprived her of her normal opportunities of self-protection. Even assuming she had entrusted her safety to defendant, there is no evidence defendant accepted that entrustment; absent such acceptance, there can be no special relationship. H.B. by Clark v. Whittemore, 552 N.W.2d 705, 708-09 (Minn. 1996).

Neither did defendant have considerable power over Ms. Hasbargen's welfare. Defendant did not employ or otherwise control the truck drivers involved in the accident. Defendant did not require Ms. Hasbargen to be in the truck, nor could it have prevented the driver from allowing her to ride as a passenger. Although defendant may have regulated when, where, and how its members delivered their beets to its piler, this falls far short of the kind of custody and control that would be required to find a special relationship between defendant and passengers in vehicles on a public road.

The simple fact is that defendant paid a sum to Traverse

---

contractor's status as a possessor of land. Id. Under Minnesota law, a duty based on a theory of premises liability is distinct from one based on a special relationship. Louis v. Louis, 636 N.W.2d 314, 320 (Minn. 2001). Plaintiff's other citations do not support finding a special relationship between plaintiff and defendant as required by Minnesota law. See Racca v. St. Mary Sugar Coop., 872 So. 2d 1117, 1123 (La. Ct. App. 2004) (no duty; special relationship not addressed); De Herrera v. Gulf & Western Indus., Inc., 476 So. 2d 691, 691-92 (Fla. Ct. App. 1985) (neither duty nor special relationship addressed); Wauchop v. Domino's Pizza, Inc., 832 F. Supp. 1572, 1576 (N.D. Ind. 1993) (same).

County to help abate a road dust condition; it was under no legal duty to do so.  The law will not allow defendant's willingness to make this payment to be used to its detriment.

If the Court found the duty plaintiff claims, it would create a powerful dis-incentive for a potential defendant to help deal with a perceived problem.  To hold a defendant liable for failing to clear <u>all</u> of the dust from a roadway as a penalty for its failure to clear <u>some</u> of the dust, would mean that a potential defendant could avoid a breach of duty only by clearing all of the dust – or none.  Such a defendant would be better off making no effort to help at all.  As a major goal of tort law is to create incentives to engage in community-sustaining activity, the Court declines to find a duty here, lest in doing so the newly-discovered duty would have the perverse effect of lessening a defendant's willingness to assist in the face of a known hazard.[5]

Accordingly, the Court finds no special relationship existed between defendant and decedent.  In the absence of any special relationship, there is no legal duty.

Plaintiff has not established the existence of a legal duty of care.  He cannot therefore prevail on his negligence claim. Summary judgment for defendant is proper.

---

[5] It is important to note that Traverse County's highways are no <u>more</u> dangerous because defendant paid for calcium chloride over a portion of the County's roads.  The roads are clearly safer in the treated areas.

III.  <u>Conclusion</u>

   Defendant's motion for summary judgment is granted.

   IT IS SO ORDERED.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 1, 2006


                                    <u>s/ JAMES M. ROSENBAUM</u>
                                    JAMES M. ROSENBAUM
                                    United States Chief District Judge